FRANK S. LUDLAM v. LINNAEUS T. SWAIN ET AL.

Submitted July 7, 1905—Decided November 13, 1905.

1. An application for a public road gave its course as southeastwardly from the beginning point; the return of the surveyors gave the first course as south, fifty-four degrees west; this course was along an ancient highway and within its bounds. *Held*, that the variance was fatal.

2. Where a road crosses land of the state, the consent of the legislature must be obtained before the road is laid out.
3. A taxpayer may question the validity of the proceedings to lay out a road across land of the state without the consent of the legislature.

On *certiorari* to Cape May Common Pleas.

Before Justices DIXON and SWAYZE.

For the prosecutor, *Morgan Hand.*

For the defendants, *Douglass & Douglass.*

The opinion of the court was delivered by

SWAYZE, J. The writ brings up proceedings to lay out a public road. Two objections only need be considered.

*First.* There is a variance between the road as described in the notice and application and the road as laid by the surveyors. The beginning point is apparently the same in the application and in the return, but the identity is apparent only. In the application the road is described as running a southeastwardly course. In the return the first course is south, fifty-four degrees west, six hundred and sixty-two and six-tenths feet along the Shore road. The Shore road is an existing ancient highway, and this course is within its bounds. The result is to shift the real beginning point of the new road six hundred and sixty-two and six-tenths feet to the southwest, and to change the road for nearly a mile of its length from the course indicated in the notice and application. This is fatal to the proceedings. *Whittingham* v. *Hopkins,* 41 *Vroom* 322.

*Second.* The road crosses land of the state. No consent has been given by the legislature. Section 85 of the Road act (*Gen. Stat., p.* 2822) enacts that no law for laying out or opening public roads shall be so construed as to permit any person to lay out or open any public or private road through or upon any lands belonging to this state, unless the consent of the legislature be first obtained for that purpose. It is

argued that this objection is premature because the consent of the legislature may be obtained before the road is built, but the prohibition of the statute is not merely against the opening of the road but against laying it out. It is of no importance that the exact location may not be known until the surveyors have acted; the consent of the legislature is a prerequisite and may be given so as to leave the precise location to be subsequently determined.

It is also argued that the prosecutor cannot raise the question because a taxpayer or one of the public cannot merely as such complain of encroachment on the public domain. That, however, is not the basis of the prosecutor's right. The necessity of the road depends upon its public importance as a single whole.

A road, which may be necessary if it forms a public highway between the termini named in the application, may be of no value if it fails to afford such communication; the taxpayer can only be burdened in case the road is necessary, and rightfully complains of action which may burden him otherwise.

The proceedings should be set aside, with costs.